# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **COREY ALAN BENNETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:14-cv-02379** |
| | ) | |
| **CHRISTIE THOMAS ET AL.,** | ) | **Judge Nixon** |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Corey Alan Bennett, an inmate confined at Northeast Correctional Complex in Mountain City, Tennessee, brings yet another *pro se* action under 42 U.S.C. § 1983. (ECF No. 1.) For the reasons set forth herein, the plaintiff's application to proceed *in forma pauperis* (ECF No. 2) will be denied, the filing fee assessed against him anyway, and this action dismissed.

The plaintiff is well aware, having been notified numerous times, that he falls within the scope of 28 U.S.C. § 1915(g), which bars prisoners from bringing a civil action or appealing a judgment in a civil action *in forma pauperis* if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). That is, because Mr. Bennett has had many more than three lawsuits previously dismissed as frivolous or for failure to state a claim,[1] he may not

---

[1] *See, e.g., Bennett v. Isaacs*, No. 3:13-cv-299 (E.D. Tenn. Oct. 10, 2013) (dismissing complaint as frivolous and for failure to state a claim); *Bennett v. Sexton*, No. 3:13-cv-494 (E.D. Tenn. Oct. 15, 2013) (dismissing complaint as frivolous and for failure to state a claim); *Bennett v. Sexton*, No. 3:13-cv-538 (E.D. Tenn. Oct. 15, 2013) (dismissing complaint as frivolous and for failure to state a claim); *see also Bennett v. Speed*, No. 2:14-cv-14 (E.D. Tenn. Feb. 21, 2014)

proceed *in forma pauperis* and must instead pay the full filing fee in advance in order to pursue his lawsuit, unless he plausibly alleges that he is under imminent danger of serious physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 603–04 (6th Cir. 1998).

The plaintiff attempts to allege that he is in imminent danger. He asserts that he was assaulted on October 29, 2014, when the plaintiff was still housed at Riverbend Maximum Security Institution ("RMSI), by a number of correctional officers at that facility. All the defendants named in this complaint, in fact, are alleged to be officers at RMSI. The plaintiff further asserts that the "above listed officers allowed gang members to whoop me and beat me unconscious just last night." (Complaint at 4.) He claims he has tried to report this activity to "the listed Captain, Wardens, Chief of Security and they told me they are gonna kill me before I can report them." (*Id.*)[2] On this basis, the plaintiff alleges that he is in imminent danger of serious physical harm and that the Court should waive application of the three-strikes provision in 28 U.S.C. § 1915(g).

For the purposes of § 1915(g), the Court must whether a plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir.

---

(denying Bennett leave to proceed in forma pauperis on the basis that he is subject to the three-dismissal prohibition); *Bennett v. Roberts*, No. 1:14-cv-1113 (W.D. Tenn. May 21, 2014) (denying Bennett leave to proceed in forma pauperis on the basis that he is subject to the three-dismissal prohibition). In August, this Court (Campbell, J.) denied Bennett leave to proceed *in forma pauperis* on the basis of 28 U.S.C. § 1915(g), finding that Bennett, by his own admission, had filed at least twenty-nine separate civil actions in federal district courts across Tennessee between May 24, 2013 and August 21, 2014, and seven appeals to the Sixth Circuit within the past six months. *Bennett v. Carpenter*, No. 3:14-cv-01691 (M.D. Tenn. Aug. 21, 2014). The Court takes notice that Bennett has filed an additional 16 cases in this Court since September 1, 2014, including this one, most of which have been or will be dismissed pursuant to § 1915(g).

[2] The Court takes judicial notice that the allegations in the complaint bear substantial similarity to those set forth in the complaint filed on October 8, 2014, *Bennett v. Henry*, No. 3:14-cv-1958, still pending before Judge Campbell, and in the complaint filed contemporaneously with this one, *Bennett v. Thomas*, No. 3:14-cv-2380, pending before Judge Trauger.

2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). "[A] prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (citation omitted).

In this case, although the plaintiff insists that his life is currently in imminent danger, the allegations in the complaint also make it clear that the defendants named in the instant complaint are all employed at RMSI. The plaintiff has been transferred to Northeast Correctional Complex. For this reason, the plaintiff's assertions that officers at Riverbend still pose a threat to him are not plausible, and the plaintiff fails to demonstrate that he is currently in imminent danger posed by the named defendants.

The application to proceed *in forma pauperis* (ECF No. 2) will therefore be denied. Moreover, because the plaintiff has demonstrated through this and other filings that he is indigent, rather than granting the plaintiff 30 days within which to submit the $400 filing fee, the Court will dismiss this action, without prejudice, for failure to submit the filing fee with the complaint. The plaintiff may file a motion to alter or amend judgment to reinstate this action if he does so within 28 days of entry of this order and submits the full $400 filing fee at that time.

An appropriate order is filed herewith.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT